ROBERT J. CARROLL v. HAROLD B. MICKENS.

Decided April 16, 1929.

Before Mr. Justice PARKER, at chambers.

For the plaintiff, *Harold A. Price.*

For the defendant, *Garret C. Houman.*

Memorandum by PARKER, J.

When this rule was argued I had the impression that the suit was based on an alleged fraudulent conversion by defendant of an automobile entrusted to him to sell and account in an agreed manner for the proceeds. That would have amounted to embezzlement or something closely akin to it, and would have been essentially fraudulent. *Seidel* v. *Peschkaw,* 27 *N. J. L.* 427, 432; *Truax* v. *Pennsylvania Railroad Co.,* 56 *Id.* 277; *Haggerty* v. *Badkin,* 72 *N. J. Eq.* 475, 491; 5 *C. J.* 450, &c.

But an examination of the complaint in this case (which was not before me at the argument) shows that it is founded upon the "sale and delivery" of an automobile upon the agreement of the defendant to secure and deliver to plaintiff a new car, at which time plaintiff was to pay him $100 in addition to the old car already sold and delivered.

This is mere broken promise, which normally involves nothing fraudulent. Occasionally in equity we meet a case

in which the proof shows an existing intent at the time of the promise, not to keep it (*Bowker* v. *Cunningham,* 78 *N. J. Eq.* 458), and perhaps this might hold good in certain cases even at law. See *Wolters* v. *Fidelity Co.,* 73 *N. J. L.* 57, 61; 26 *C. J.* 1093. But I need not pursue this line of thought, because I find nothing in the evidence to satisfy me that the defendant willfully misrepresented his intent, and the fact that he bought an automobile without paying for it means nothing by way of fraud.

The rule to show cause will be discharged, but without costs.